UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-cv-11198-RGS

FIDELITY AND GUARANTY
INSURANCE COMPANY

v.

HARALAMBOS BOUSTRIS,
MARIA BOUSTRIS a/k/a
MARIA CIACCIARELLI and
DIMITRIOS BOUSTRIS

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

October 25, 2010

STEARNS, D.J.

In this indemnity action, plaintiff Fidelity and Guaranty Insurance Company (Fidelity) alleges that defendants, Haralambos Boustris, Maria Boustris a/k/a Maria Ciacciarelli, and Dimitrios Boustris, are liable for the debts of Boustris Corporation on a performance bond issued in connection with the construction of the Hosmer Elementary School in Watertown, Massachusetts.  Boustris Corporation abandoned the project in July of 2002 causing Fidelity to spend more than $4.5 million to finish the building of the school.  Fidelity now moves for summary judgment on the issue of defendants' liability for their breach of the Master Surety Agreement (Agreement).  Defendants have not formally opposed the motion.

BACKGROUND

On September 10, 1997, the Boustrises executed the Agreement in consideration for Fidelity's underwriting of the performance of Boustris Corporation on the Watertown

school contract.[1]  Paragraph III of the Agreement provides as follows:

> III (A) UNDERSIGNED shall exonerate, hold harmless, indemnify and keep indemnified SURETY (including but not limited to, interest, court costs and counsel fees) imposed upon, sustained, or incurred by SURETY by reason of: (1) SURETY having executed, provided or procured BOND(S) in behalf of PRINCIPAL, or (2) UNDERSIGNED'S failure to perform or comply with any of the provisions of this AGREEMENT;
>
> (B) In order to exonerate, hold harmless, and indemnify SURETY, UNDERSIGNED shall upon demand of SURETY, place SURETY in funds before SURETY makes any payment; such funds shall be, at SURETY'S option, money or property, or liens or security interests in property.  (The amount of such money or property or the value of the property to become subject to liens or security interests, shall be determined by SURETY.)
>
> (C) SURETY may reduce the amount of UNDERSIGNED'S liability to SURETY hereunder by applying to such liability any money payable to UNDERSIGNED by SURETY; (Such liability may arise from UNDERSIGNED'S obligation to exonerate, to hold harmless and to indemnify SURETY and may be liquidated or unliquidated; and, the "money payable to UNDERSIGNED" may be, but is not limited to, any money payable by SURETY as an insurer of UNDERSIGNED or another PERSON to return to UNDERSIGNED an unearned or other premium or to settle a claim of UNDERSIGNED against SURETY or a PERSON insured by SURETY.)

Complaint ¶ 8.

On July 26, 2002, Robert Boustris, in his capacity as president of Boustris

Corporation, wrote to E.J. Sciaba Contracting Co., Inc. (Sciaba), notifying it that Boustris

> [was] financially unable to perform or complete the performance of work or comply with the contractual obligations on the Project [Hosmer School] and is in default under the above Contract for the Project.  Therefore [Boustris Corp.] hereby irrevocably and voluntarily abandons and terminates the above construction Contract effective upon your receipt of this letter.  The Surety for [Boustris Corp.] USF&G will be in contact with you within a short period of time to discuss this matter.

---

[1]A copy of the Agreement signed by each of the defendants is attached to Fidelity's motion as Ex.  A.

Fidelity Mot. S/J - Ex. C.   Sciaba in turn notified Fidelity of Boustris Corporation's "abandonment" of the job and asked Fidelity for guidance (noting that the school was scheduled to open in September, which required a completion date of mid-August).

On September 11, 2002, Fidelity notified defendants that it was "honoring its obligations pursuant to the performance and payment bonds issued to Boustris"; that it had set aside a reserve for its projected losses of $3,457,240; and asked defendants, as indemnitors, to deposit cash or collateral in an equal amount with Fidelity.   Defendants failed to provide Fidelity with the requested collateral.[2]   See Pl. SOF ¶ 9.   Fidelity nevertheless regularly informed Robert Boustris of progress towards completion of the project and hired consultants to review Boustris Corporation documents in order to determine the exact extent of defendants' indebtedness.   Fidelity maintains that it oversaw completion of the project "in the most economic and efficient manner possible considering all of the circumstances."   Fidelity Mot. S/J - Ex. B.

Boustris Corporation was involuntarily dissolved by the Secretary of the Commonwealth of Massachusetts on May 31, 2007.   On May 16, 2008, Fidelity reiterated its demand that defendants indemnify it for the $4.5 million in payments it had made as the surety for Boustris Corporation.   Pl. SOF ¶ 8.   Having received no response, Fidelity commenced this lawsuit on July 15, 2008.

### DISCUSSION

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any

---

[2]There is no evidence that defendants ever responded to Fidelity's demand.

material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  See also Penn-Am. Ins. Co. v. Lavigne, 617 F.3d 82, 85 (1st Cir. 2010) ("Summary judgment is properly granted if the record, viewed in the light most favorable to the non-moving party, discloses no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.").  "Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."  LR. 56.1 (D. Mass.).

To prevail on a claim for breach of the surety contract, Fidelity must demonstrate (1) that the parties reached a valid and binding agreement, (2) that defendants breached a material term of the agreement, and (3) that Fidelity suffered damages because of defendants' breach.  See Michelson v. Digital Fin. Servs., 167 F.3d 715, 720 (1st Cir. 1999).  It is well-settled law that "(t)he responsibility of construing language of an insurance contract is a question of law for the trial judge, and then for the reviewing court." Cody v. Connecticut Gen. Life Ins. Co., 387 Mass. 142, 146 (1982).  "Where the language of a contract is clear and unambiguous, summary judgment is an appropriate vehicle for judicial interpretation because the court may interpret the meaning of the contract as a matter of law without resort to extrinsic evidence or determinations of fact."  Sullivan v. Southland Life Ins. Co., 67 Mass. App. Ct. 439, 440 (2006).

Here, there are no material facts in dispute.  Defendants interposed no objection to Fidelity's Statement of Material Facts which, as a consequence, is deemed admitted as true in its entirety.  See Cochran v. Quest Software. Inc., 328 F.3d 1, 11 (1st Cir. 2003)

(nonmovants failure to contest a date in LR. 56.1 statement of material facts caused date to be admitted on summary judgment); Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) (citing LR. 56.1 and deeming admitted undisputed material facts that the nonmovant failed to controvert).  Additionally, defendants admit in their Answer that they signed the Agreement.  See Answer ¶ 6.  Defendants have not raised any affirmative defense to challenge the validity of the Agreement.  Defendants also admit that Fidelity demanded payment because of Boustris Corporation's abandonment of the project (they simply raise a nonmaterial dispute as to the form in which the demand was phrased), and that Fidelity sustained damages as a result.[3]  See Answer ¶¶ 12,15.  As there is no material dispute of fact as to the breach of contract claim, summary judgment will enter for Fidelity.  See Fidelity and Guar. Ins. Co. v. Star Equip. Corp., 541 F.3d 1, 7 (1st Cir. 2008) ("Massachusetts courts have held that a surety seeking indemnification based on such an agreement is entitled to judgment as a matter of law provided that it acted in good faith in incurring the expenses for which it seeks indemnity." (citing Am. Emp'rs' Ins. Co. v. Horton, 35 Mass. App. Ct. 921 (1993) and Hartford Accident & Indem. Co. v. Millis Roofing & Sheet Metal, Inc., 11 Mass. App. Ct. 998 (1981)).

## ORDER

For the foregoing reasons, Fidelity's motion for summary judgment is ALLOWED. Fidelity will submit a proposed form of judgment with an affidavit of damages within ten (10) days of the date of this Order.  The Clerk may now close the case.

---

[3]While the defendants assert improper notice in their Answer, the summary judgment evidence is undisputed that Fidelity served the defendants with its demand in July of 2002 (Fidelity - Ex. B), and again by letter dated May 16, 2008 (Fidelity - Ex. D).

SO ORDERED.

/s/ Richard G. Steams

_____
UNITED STATES DISTRICT JUDGE